# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

CR21-397EMC

UNITED STATES OF AMERICA,

V.

ALAN ANDERSON,

**FILED**

Oct 13 2021

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

DEFENDANT(S).

## INDICTMENT

118 U.S.C. § 1343 – Wire Fraud;
15 U.S.C. §§ 78j(b) & 78ff; 17 C.F.R. 240.10b-5 – Securities Fraud;
18 U.S.C. §§ 981(a)(1)(C) & 982(a) & 28 U.S.C. § 2461(c) – Criminal Forfeiture

A true bill.

/S/ Foreperson of the Grand Jury

Foreman

Filed in open court this ___13th_____ day of
____October 2021_____.

Rose Maher

Clerk

Bail, $_ No Bail ✓

Hon. Thomas S. Hixson, U.S. Magistrate Judge

1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney
2

FILED

Oct 13 2021

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALAN ANDERSON,<br><br>Defendant. | CASE NO. CR21-397EMC<br><br>VIOLATIONS:<br>18 U.S.C. § 1343 – Wire Fraud;<br>15 U.S.C. §§ 78j(b) & 78ff; 17 C.F.R. 240.10b-5 – Securities Fraud;<br>18 U.S.C. §§ 981(a)(1)(C) & 982(a) & 28 U.S.C. § 2461(c) – Criminal Forfeiture<br><br>SAN FRANCISCO VENUE<br><br>**UNDER SEAL** |

I N D I C T M E N T

The Grand Jury charges:

Introductory Allegations

At all times relevant to this Indictment:

1. Defendant Alan ANDERSON resided in the Northern District of California and in the Central District of California.

2. IMBEE, INC. ("IMBEE") was a Delaware Corporation based in Walnut Creek, California, and owned and operated by ANDERSON. IMBEE owned and operated the website imbee.com, which was marketed as a child-friendly social media platform. On or about April 22, 2010, ANDERSON incorporated IMBEE in the State of Delaware.

INDICTMENT

3. FANLALA was a California Corporation owned and operated by ANDERSON. FANLALA was marketed as an internet-based music streaming for children. Starting no later than on or about September 8, 2011, ANDERSON was the Chief Executive Officer of FANLALA.

4. FRUIT PUNCH, INC. ("FRUIT PUNCH") was a California Corporation owned and operated by ANDERSON. FRUIT PUNCH provided an online application called FRUIT PUNCH MUSIC, which was marketed as a music-streaming service for children. ANDERSON was the Chief Executive Officer of FRUIT PUNCH.

5. On or about April 22, 2010, ANDERSON opened three bank accounts in IMBEE's name at Bank of America with account numbers ending in -8001, -8068, and -6054, respectively. ANDERSON was the sole signatory on each of the three IMBEE Bank of America bank accounts.

6. On or about December 19, 2011, ANDERSON opened a bank account in FANLALA's name at Bank of America with an account number ending in -1197. ANDERSON was the sole signatory on the FANLALA Bank of America account.

7. On or about March 23, 2012, ANDERSON opened two bank accounts in IMBEE's name at Wells Fargo with account numbers ending in -1626 and -0741, respectively. ANDERSON was the sole signatory on the two bank accounts.

8. On or about August 3, 2013, ANDERSON opened two bank accounts in FANLALA's name at Wells Fargo with account numbers ending in -1839 and -7388. ANDERSON was the sole signatory on the bank accounts.

9. On or about October 25, 2013, ANDERSON opened a bank account in IMBEE's name at Wells Fargo with an account number ending in -3201. ANDERSON was the sole signatory on the bank account.

10. On or about September 24, 2015, ANDERSON opened a bank account in IMBEE's name at Wells Fargo with an account number ending in -4463. ANDERSON was the sole signatory on the bank account.

11. On or about May 20, 2016, ANDERSON opened two bank accounts in the name of FRUIT PUNCH at Bank of the West with account numbers ending in -5346 and -5353, respectively. ANDERSON was the sole signatory on the bank accounts.

12. On or about November 15, 2016, ANDERSON opened a bank account in the name of FRUIT PUNCH at BBVA Compass with an account number ending in -9232. ANDERSON was the sole signatory on the account.

13. Company-1 was a publicly traded, multinational toy manufacturing company.

14. Company-2 was a company that made the Nabi series of tablet computers. Company-2 filed for Chapter 11 bankruptcy in or about December 2015. In or about January 2016, Company-1 acquired Company-2.

The Scheme to Defraud

15. Beginning at a date unknown to the grand jury, but no later than on or about April 22, 2010, and continuing through a date unknown to the grand jury but until at least in or about February 2019, ANDERSON knowingly devised, intended to devise, and carried out a scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omissions and concealment of material facts, which scheme is described further below.

16. As part of the scheme to defraud, ANDERSON solicited individuals to invest in IMBEE, FANLALA, and FRUIT PUNCH. ANDERSON represented to investors and potential investors that investments in IMBEE would result in ownership interests in IMBEE, FANLALA, and/or FRUIT PUNCH.

17. As part of the scheme to defraud, ANDERSON concealed and hid, and caused to be concealed and hidden, the acts done and the purpose of the acts done in furtherance of the scheme, including by:

    a. showing investors and potential investors false and fraudulent income statements that misrepresented IMBEE's, FANLALA's, and FRUIT PUNCH's profitability;

    b. showing investors and potential investors false and fraudulent profit and loss statements for IMBEE;

    c. representing to investors and potential investors pending acquisitions of IMBEE and FANLALA by larger companies when in fact there were no acquisitions pending;

    d. altering or creating false contracts showing that IMBEE was being acquired by other

INDICTMENT                                          3

            companies and sharing those false contracts with investors and potential investors;

    e. emailing to investors and potential investors false and fraudulent contracts showing that IMBEE was being acquired by UniV AC Corp Inc.;

    f. falsely representing to investors that IMBEE and FANLALA had "re-partnered with Company-2 (now owned by toy giant [Company-1])" when in fact IMBEE and FANLALA had no new partnerships with Company-2 or Company-1;

    g. falsely representing to a potential investor, R.P., that IMBEE was being acquired by Company-1 and offering to sell R.P. 17,000 shares in IMBEE;

    h. emailing R.R., an investor, and falsely claiming that the value of IMBEE was $21.6 million and that R.R. owned 70% of IMBEE.

COUNTS ONE THROUGH FOUR: (18 U.S.C. § 1343 – Wire Fraud)

18. Paragraphs 1 through 17 of this Indictment are re-alleged and incorporated as if fully set forth here.

19. Beginning on or about April 22, 2010 and continuing through on or about May 18, 2019, in the Northern District of California and elsewhere, the defendant,

ALAN ANDERSON,

knowingly and with the intent to defraud participated in, devised, and intended to devise a scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by means of omission and concealment of material facts.

20. On or about the dates set forth below, in the Northern District of California and elsewhere, for the purpose of executing the scheme and artifice to defraud, and attempting to do so, the defendant did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of a wire communication, certain writings, signs, signals, pictures, and sounds:

//
//
//
//

INDICTMENT                                                  4

| COUNT | DATE | DESCRIPTION OF ITEM WIRED |
|---|---|---|
| 1 | 11/02/2016 | Email from ANDERSON to T.W. attaching a false purchase order showing that Company-1 paid FRUIT PUNCH $1,120,324.43 on September 8, 2016. |
| 2 | 03/03/2017 | Email from ANDERSON to T.W. attaching a false "INTERNET RADIO DISTRIBUTION & LICENSE AGREEMENT" between FANLALA and Company-2, falsely indicating that Company-2 would pay FANLALA a prepayment fee of $12,500,000. |
| 3 | 04/19/2017 | Email from ANDERSON to G.S. attaching a false "INTERNET RADIO DISTRIBUTION & LICENSE AGREEMENT" between FANLALA and Company-2, falsely indicating that Company-2 would pay FANLALA a prepayment fee of $15,253,000. |
| 4 | 05/19/2018 | Email from ANDERSON to G.S. attaching a false bank statement for a BBVA Compass bank account ending in the last four digits 9232. |

All in violation of Title 18, United States Code, Section 1343.

COUNT FIVE: (15 U.S.C. §§ 78j(b) & 78ff; 17 C.F.R. 240.10b-5 – Securities Fraud)

21. The allegations in Paragraphs 1 through 20 are realleged and incorporated as if fully set forth here.

22. Beginning on or about April 22, 2010 and continuing through on or about May 18, 2019, in the Northern District of California and elsewhere, the defendant,

ALAN ANDERSON,

willfully and knowingly, directly and indirectly, by the use of the means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, in connection with the purchase and sale of securities, did use and employ manipulative and deceptive devices and contrivances by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon persons, specifically, ANDERSON made false statements to obtain an investment from R.P. on or about October 26, 2016.

All in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

//

//

INDICTMENT                                                          5

1  FORFEITURE ALLEGATION:    (18 U.S.C. §§ 981(a)(1)(C) & 982(a) & 28 U.S.C. § 2461(c) –
                              Criminal Forfeiture)

23. The allegations in Paragraphs 1 through 22 are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and 982(a), and Title 28, United States Code, Section 2461(c).

24. Upon conviction for any of the offenses alleged in Counts One through Five, the defendant,

ALAN ANDERSON,

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a), and Title 28, United States Code, Section 2461(c), all property, real or personal, which constitutes or is derived from proceeds traceable to said violations, including but not limited to a sum of money equal to the total proceeds from the commission of said offenses.

25. If, as a result of any act or omission of the defendant, any of said property:

a. cannot be located upon exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c).

//
//
//
//
//
//

INDICTMENT                              6

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED: October 13, 2021                                             A TRUE BILL.


                                                                    _____/s/_____
                                                                    FOREPERSON

STEPHANIE M. HINDS
Acting United States Attorney


_____/s/_____
CHRISTIAAN HIGHSMITH
SCOTT JOINER
Assistant United States Attorneys

INDICTMENT                                 7