ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

CHRISTIAAN HIGHSMITH (CABN 296282)
SAILAJA M. PAIDIPATY (NYBN 5160007)
Assistant United States Attorney

> 450 Golden Gate Avenue, Box 36055
> San Francisco, California 94102-3495
> Telephone: (415) 436-7200
> FAX: (415) 436-7234
> christiaan.highsmith@usdoj.gov
> sailaja.paidipaty@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21-397 EMC |
| Plaintiff, | JOINT AND DISPUTED JURY INSTRUCTIONS |
| v. | Pretrial Conference: October 11, 2023 |
| | Trial: November 2, 2023 |
| ALAN ANDERSON | Court: Hon. Edward M. Chen |
| Defendant. | |

1   The parties submit the following consolidated set of proposed jury instructions.  In accordance

2   with the Court's Pretrial Order, the parties have met and conferred regarding these instructions.  Dkt. 41.

3   An instruction contained in the Ninth Circuit Model Criminal Jury Instructions Manual that the

4   parties jointly propose the Court adopt in its entirety with no additions or modifications has been

5   identified below by its number.  *See* Dkt. 41.

6   Where an instruction contained in the Model Instructions calls for additional information or

7   requires modification to correspond to the specific charges in this case, the parties have set forth the

8   number of the Model Instruction as well as the jointly proposed additional/modified language.  *See e.g.,*

9   Model Rule 1.2 – Presumption of Innocence (requiring description of the elements of the charged

10  offenses).

11  The parties agree (and indicate below) that some instructions may be required depending on the

12  Court's rulings on pretrial motions and the development of evidence at trial.  The final language of some

13  of these instructions, such as limiting instructions regarding certain evidence the jury may have heard,

14  cannot be determined until the close of evidence.  The parties will meet and confer prior to the charge

15  conference regarding proposed language for such instructions and reserve their respective rights to

16  present joint or disputed versions of these instructions to the Court.

17  Finally, as instructed by the Court, at the end of the proposed list, the parties outline disputed

18  instructions.

19  DATED:  September 20, 2023                     Respectfully submitted,

20                                                 ISMAIL J. RAMSEY
                                                   United States Attorney
21

22                                                 _____
                                                          /s/
23                                                 CHRISTIAAN HIGHSMITH
                                                   SAILAJA M. PAIDIPATY
24                                                 Assistant United States Attorneys

25

26                                                 _____
                                                          /s/
                                                   CANDIS MITCHELL
27                                                 SOPHIA WHITING
                                                   Counsel for Defendant Anderson
28

1

## JOINT INSTRUCTIONS

2

*PRELIMINARY INSTRUCTIONS*

3      1    Duty of Jury                                              9th Cir. 1.1

4      2    The Charge-Presumption of Innocence (as modified)         9th Cir. 1.2

5      3    What Is Evidence                                          9th Cir. 1.3

6      4    What Is Not Evidence                                      9th Cir. 1.4

7      5    Direct and Circumstantial Evidence                        9th Cir. 1.5

8      6    Ruling on Objections                                      9th Cir. 1.6

9      7    Credibility of Witnesses                                  9th Cir. 1.7

10     8    Conduct of the Jury (as modified)                         9th Cir. 1.8

11     9    No Transcript Available to Jury                           9th Cir. 1.9

12     10   Taking Notes                                              9th Cir. 1.10

13     11   Outline of Trial                                          9th Cir. 1.11

14     12   Questions to Witnesses by Jurors During Trial             9th Cir. 1.14

15                                                                    (Option 1)

16     13   Bench Conferences and Recesses                            9th Cir. 1.16

17

*INSTRUCTIONS IN THE COURSE OF TRIAL*

18     14   Cautionary Instruction--First Recess                      9th Cir. 2.1

19     15   Stipulations of Fact (if applicable)                      9th Cir. 2.3

20     16   Other Crimes, Wrongs, or Acts of the Defendant            9th Cir. 2.10

21          (if applicable)

22     17   Evidence for a Limited Purpose (if applicable)            9th Cir. 2.12

23

*INSTRUCTIONS AT CLOSE OF CASE*

24

***JURY DELIBERATIONS***

25     18   Duties of Jury to Find Facts and Follow Law               9th Cir. 6.1

26     19   Charge Against Defendant Not Evidence - Presumption of    9th Cir. 6.2

27          Innocence - Burden of Proof

28

| | | |
|---|---|---|
| 20 | Defendant's Decision Not to Testify or to Testify | 9th Cir. 6.3 or 6.4 |
| 21 | Reasonable Doubt-Defined | 9th Cir. 6.5 |
| 22 | What Is Evidence | 9th Cir. 6.6 |
| 23 | What Is Not Evidence | 9th Cir. 6.7 |
| 24 | Direct and Circumstantial Evidence | 9th Cir. 6.8 |
| 25 | Credibility of Witnesses | 9th Cir. 6.9 |
| 26 | Activities Not Charged | 9th Cir. 6.10 |
| 27 | Separate Consideration of Multiple Counts--Single Defendant | 9th Cir. 6.11 |
| 28 | On Or About – Defined | 9th Cir. 6.18 |
| 29 | Duty to Deliberate | 9th Cir. 6.19 |
| 30 | Consideration of Evidence – Conduct of the Jury | 9th Cir. 6.20 |
| 31 | Use of Notes | 9th Cir. 6.21 |
| 32 | Jury Consideration of Punishment | 9th Cir. 6.22 |
| 33 | Communication With Court | 9th Cir. 6.24 |

*CONSIDERATION OF PARTICULAR EVIDENCE*

| | | |
|---|---|---|
| 34 | Statements by Defendant | 9th Cir. 3.1 |
| 35 | Other Crimes, Wrongs or Acts of Defendant | 9th Cir. 3.3 |
| 36 | Character of Victim (if applicable) | 9th Cir. 3.5 |
| 37 | Impeachment, Prior Conviction of Defendant (if applicable) | 9th Cir. 3.6 |
| 38 | Impeachment Evidence, Witness (if applicable) | 9th Cir. 3.8 |
| 39 | Opinion Evidence, Expert Witness (if applicable) | 9th Cir. 3.14 |
| 40 | Dual Role Testimony (if applicable) | 9th Cir. 3.15 |
| 41 | Charts and Summaries Not Admitted Into Evidence (if applicable) | 9th Cir. 3.16 |
| 42 | Charts and Summaries Admitted into Evidence (if applicable) | 9th Cir. 3.17 |

*RESPONSIBILITY*

| | | |
|---|---|---|
| 43 | Knowingly | 9th Cir. 4.8 |

***SUBSTANTIVE OFFENSES***

44 Securities Fraud (as modified)

<u>DISPUTED INSTRUCTIONS</u>

| | |
|---|---|
| Intent to Defraud (as modified by defense) | 9th Cir. 4.13 |
| Wire Fraud (as modified by defense) | 9th Cir. 15.35 |
| Verdict Form (as modified by defense) | 9th Cir. 6.23 |
| Circumstantial Evidence: Sufficiency of Evidence (proposed by defense) | CALCRIM 224 |
| Circumstantial Evidence: Intent or Mental States (proposed by defense) | CALCRIM 225 |
| Number of Witnesses (proposed by defense) | 1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 14.16 (6th ed. 2008) |
| Law Enforcement Official Witnesses (proposed by defense proposed) | 1 Sand et al., Modern Federal Jury Instructions— Criminal, No. 7-16 |

1    JOINT INSTRUCTION NO. 2 RE THE CHARGE – PRESUMPTION OF INNOCENCE

2        This is a criminal case brought by the United States government.  The government charges the

3    defendant with Wire Fraud, in violation of 18 U.S.C. § 1343, and Securities Fraud, in violation of 15

4    U.S.C. §§ 78j(b) & 78ff; 17 C.F.R. 240.10b-5.  The charges against the defendant are contained in the

5    indictment.  The indictment simply describes the charges the government brings against the

6    defendant.  The indictment is not evidence and does not prove anything.

7        The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the

8    government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the

9    right to remain silent and never has to prove innocence or present any evidence.

10       To help you follow the evidence, I will now give you a brief summary of the elements of the

11   crimes that the government must prove to make its case:

12       As to the crime of wire fraud—applicable to Counts One to Four —the elements are:

13   - First, the defendant knowingly participated in or devised or a scheme or plan to defraud,

14     or scheme or plan for obtaining money or property by means of false or fraudulent

15     pretenses, representations or promises, or omitted facts.  Deceitful statements of half-

16     truths may constitute false or fraudulent pretenses;

17   - Second, the statements made or facts omitted as part of the scheme were material; that is,

18     they had a natural tendency to influence, or were capable of influencing a person to part

19     with money or property;

20   - Third, the defendant acted with the intent to defraud that is, the intent to deceive and

21     cheat; and

22   - Fourth, the defendant used, or caused to be used, an interstate wire communication, to

23     carry out or to attempt to carry out, and essential part of the scheme.

24       In determining whether a scheme to defraud exists, you may consider not only the defendant's

25   words and statements but also the circumstances in which they are used as a whole.

26

27   As to the crime of securities fraud—applicable to Count Five—the elements are:

28

- First, the defendant willfully used a device or scheme to defraud someone; made an untrue statement of a material fact; failed to disclose a material fact that resulted in making the defendant's statements misleading, or, engaged in any act, practice, or course of business that operates or would operate as a fraud or deceit upon any person;

- Second, the defendant's acts were undertaken, statement was made, or failure to disclose was done in connection with the sale of Imbee stock;

- Third, the defendant directly or indirectly used email in connection with making this statement; and

- Fourth, the defendant acted knowingly.

1         JOINT INSTRUCTION NO. 8 - 1.8 CONDUCT OF THE JURY (MODIFIED)

2         I will now say a few words about your conduct as jurors.

3         First, keep an open mind throughout the trial, and do not decide what the verdict should be until

4 you and your fellow jurors have completed your deliberations at the end of the case.

5         <span style="color:red">Second, if you have a smart phone or watch, please turn it to airplane mode and silence any alerts</span>

6 <span style="color:red">and alarms.</span>

7         Third, because you must decide this case based only on the evidence received in the case and on

8 my instructions as to the law that applies, you must not be exposed to any other information about the

9 case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or

10 unless I tell you otherwise:

11         Do not communicate with anyone in any way and do not let anyone else communicate with you

12 in any way about the merits of the case or anything to do with it.  This restriction includes discussing the

13 case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text

14 messaging, or any Internet chat room, blog, website or application, including but not limited to

15 Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social

16 media.  This restriction also applies to communicating with your fellow jurors until I give you the case

17 for deliberation, and it applies to communicating with everyone else including your family members,

18 your employer, the media or press, and the people involved in the trial, although you may notify your

19 family and your employer that you have been seated as a juror in the case, and how long you expect the

20 trial to last.  But, if you are asked or approached in any way about your jury service or anything about

21 this case, you must respond that you have been ordered not to discuss the matter.  In addition, you must

22 report the contact to the court.

23         Because you will receive all the evidence and legal instruction you properly may consider to

24 return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the

25 case or anything to do with it [,although I have no information that there will be news reports about this

26 case]; do not do any research, such as consulting dictionaries, searching the Internet or using other

27 reference materials; and do not make any investigation or in any other way try to learn about the case on

28 your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other

resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

JOINT INSTRUCTION NO. 46 – 15.47 SECURITIES FRAUD (MODIFIED)

The defendant is charged in Count Five of the indictment with securities fraud in violation of federal securities law.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

- First, the defendant willfully used a device or scheme to defraud someone; made an untrue statement of a material fact; failed to disclose a material fact that resulted in making the defendant's statements misleading; and, engaged in any act, practice, or course of business that operates or would operate as a fraud or deceit upon any person;

- Second, the defendant's acts were undertaken, statement was made, failure to disclose was done in connection with the sale of Imbee stock;

- Third, the defendant directly or indirectly used email in connection with making this statement; and

- Fourth, the defendant acted knowingly.

As relevant to securities fraud and its elements:

- "Willfully" means intentionally making an untrue statement, failing to disclose for the wrongful purpose of defrauding or deceiving someone.  Acting willfully does not require that the defendant know that the conduct was unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted willfully.

- "Knowingly" means to make a statement or representation that is untrue and known to the defendant to be untrue, to fail to state something that the defendant knows is necessary to make other statements true, to make a statement with reckless disregard to its truth or falsity, to fail to make a statement with reckless disregard that the statement is necessary to make other statements true in respect to a material fact. An act is done, a statement is made, a failure to disclose is done knowingly if the defendant is aware of the act, making the statement, the failure to disclose and did not act or fail to act, make the statement, or fail to disclose through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts were

unlawful, it was unlawful to make the statement, or his failure to disclose was unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

- "Reckless" means highly unreasonable conduct that is an extreme departure from ordinary care, presenting a danger of misleading investors, which is either known to the defendant or so obvious that the defendant must have been aware of it.

- A fact is material if there is a substantial likelihood that a reasonable investor would consider it important in making the decision to purchase securities.

- It is not necessary that an untrue statement passed through or over email so long as the email was used as a part of the sale transaction.

DEFENSE PROPOSED INSTRUCTION - 4.13 INTENT TO DEFRAUD (AS MODIFIED)

An intent to defraud is an intent to deceive and cheat.

To be guilty of wire fraud, a defendant must act with the intent not only to make false statements or utilize other forms of deception, but also to deprive a victim of money or property by means of those deceptions. In other words, a defendant must intend to deceive *and* cheat. A defendant acts with the intent to deceive when he makes false statements or utilizes other forms of deception. A defendant acts with the intent to cheat when he engages in a scheme or artifice to defraud or obtain money or property and deprives a victim of money or property thereby cheating someone out of something valuable.

DEFENSE'S POSITION:

The defense has requested a clarification to the Ninth Circuit Model Jury Instruction based on the Comment to Model 15.35 Wire Fraud, which provides the definitions of "intent to deceive" and "intent to cheat" from *United States v. Miller*, 953 F.3d 1095, 1101-03 (9th Cir. 2020).

GOVERNMENT'S RESPONSE:

Ninth Circuit Model Jury Instruction Rule 4.13 was already modified after *Miller* to specifically state that intent to defraud is "an intent to deceive *and* cheat" (emphasis added) as indicated in the first portion of defense's proposed instruction.  This sentence is also included in the substantive instructions regarding the elements of wire fraud and securities fraud.

DISPUTED INSTRUCTION– 15.35 WIRE FRAUD (MODIFIED)[1]

The defendant is charged in Counts One through Four of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code.

.

In order for a defendant to be found guilty of each charge, the government must prove each of the following elements beyond a reasonable doubt:

- First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or omitted facts.  Deceitful statements of half-truths may constitute false or fraudulent representations.

- Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

- Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

- Fourth, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

To convict the defendant of wire fraud based on omission[s] of material fact[s], you must find that the defendant had a duty to disclose the omitted fact[s] arising out of a relationship of trust.  That duty can arise either out of a formal fiduciary relationship, for example between a CEO and shareholder, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance that it would ordinarily exercise.

---

[1] Defense counsel seeks addition of the portions in red in this modified instruction.  At this time, the parties have not reached a joint agreement on this instruction but continue to discuss revisions.  Prior to the charge conference, the parties will apprise the Court of whether they have reached agreement or narrowed the pending disagreements.

A "fiduciary" duty exists whenever one [person] [entity] places special trust and confidence in another person—the fiduciary—in reliance that the fiduciary will exercise [his] [her] discretion and expertise with the utmost honesty and forthrightness in the interests of the [person] [entity], such that the [person] [entity] relaxes the care and vigilance that [he] [she] [it] would ordinarily exercise, and the fiduciary knowingly accepts that special trust and confidence and thereafter undertakes to act on behalf of the other [person] [entity] based on such reliance]

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

As relevant to wire fraud and its elements:

1.  The phrase "scheme to obtain money or property by means of material false representations or promises" includes any plan or course of action intended to deceive and cheat another out of money, property, or property rights by employing material falsehoods. It also means the obtaining of money or property from another by means of material false representations or promises. A scheme to obtain money or property by means of material false representations or promises need not be fraudulent on its face but must include some sort of fraudulent misrepresentation or promise reasonably calculated to deceive a reasonable person.

2.  A statement or representation is "false" when it is untrue when made or effectively conceals or omits a material fact.

3.  A fact, falsehood, or representation is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of a reasonable person in deciding whether to engage or not to engage in a particular transaction. However, whether a fact, falsehood, or representation is "material" does not depend on whether the person was actually deceived.

4.   To act with "intent to defraud" means to act knowingly and with the intent to deceive someone for the purpose of causing some financial loss to another or bringing about some financial gain to oneself or another to the detriment of a third party. A person must act with the intent not only to make false statements or utilize other forms of deception, but also to deprive a victim of money or property by means of those deceptions. In other words, a person must intend to deceive *and* cheat. A defendant acts with the intent to deceive when he makes false statements or utilizes other forms of deception. A defendant acts with the intent to cheat when he engages in a scheme or artifice to defraud or obtain money or property and deprive[s] a victim of money or property thereby cheating someone out of something valuable. With respect to false statements, the individual must have known the statement was untrue when made or have made the statement with reckless indifference to its truth or falsity.

5.   It is not necessary that the use of the wire transfer of money by the participants themselves be contemplated or that the defendant actually send the wire transfer of money or specifically intend that the wire transfer of money be sent. It is sufficient if the wire transfer of money was in fact sent to carry out the scheme and the use of an interstate wire transfer of money by someone was reasonably foreseeable.

6.   It is not necessary that the government prove that the interstate wire communications were themselves false or fraudulent. An interstate wire communication may be routine or sent for a legitimate purpose so long as it assists in carrying out the fraud.

7.   Each separate wire transfer alleged in furtherance of the scheme to defraud constitutes a separate offense.

DEFENSE POSITION:

These additional clarifying instructions are derived from *United States v. Villarreal*, 595 F. Supp. 2d 1039, 1055 (D. Neb. 2008), the Eighth Circuit Model Criminal Jury instructions, and with respect to "intent to defraud," from *United States v. Miller* 953 F.3d 1095, 1101-03 (9th Cir. 2020).

//

//

//

1

GOVERNMENT POSITION:

2      Similar to the government's response to the proposed modification to the instruction on "Intent

3  to Defraud," the Ninth Circuit Model Instructions have been amended following *Miller* and accurately

4  reflect prevailing law in this Circuit.  Further, the proposed instruction's definition of intent to "cheat"

5  implies that the defendant must have actually deprived a person of something of value, which is not an

6  element of the crime.  The defendant need only intend to obtain money or property of another.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1        DEFENSE PROPOSED INSTRUCTION - 6.23 VERDICT FORM (AS MODIFIED)

2        A verdict form has been prepared for you.  [Explain verdict form as needed.]  If you have

3 reached unanimous agreement on a verdict, your foreperson should complete the verdict form according

4 to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

5

6        DEFENSE'S POSITION:

7        The defense has requested an alteration to the above instruction from the Ninth Circuit Model

8 Jury Instructions, changing "after" to "if" (noted in bold/underline above).

9

10        GOVERNMENT'S RESPONSE:

11        The Model Instructions instruct the jurors that their decision must be unanimous.  It also

12 provides the Court with options for providing an Allen charge should the jurors be deadlocked.  In

13 essence, the rules and the process are geared towards guiding the jurors to a unanimous position –

14 whether that be guilty or not guilty.  Using the phrase "*if*" contradicts the spirit of these other

15 instructions as it presumes that it may not be possible to reach a unanimous decision.  This can lead to

16 improper juror confusion and contradicts the Court's instructions to reach a unanimous decision.

17

18

19

20

21

22

23

24

25

26

27

28

DEFENSE INSTRUCTION – CIRCUMSTANTIAL EVIDENCE: SUFFICIENCY OF EVIDENCE

(CALIFORNIA CRIMINAL JURY INSTRUCTIONS 224)

Before you may rely on circumstantial evidence to conclude that a fact necessary to find the defendant guilty has been proved, you must be convinced that the People have proved each fact essential to that conclusion beyond a reasonable doubt.

Also, before you may rely on circumstantial evidence to find the defendant guilty, you must be convinced that the only reasonable conclusion supported by the circumstantial evidence is that the defendant is guilty. If you can draw two or more reasonable conclusions from the circumstantial evidence, and one of those reasonable conclusions points to innocence and another to guilt, you must accept the one that points to innocence. However, when considering circumstantial evidence, you must accept only reasonable conclusions and reject any that are unreasonable.

DEFENSE POSITION:

The defense has requested this jury instruction, which is based on California Criminal Jury Instruction 224; California Direct Evidence Defined. Evid. Code, § 410.

GOVERNMENT POSITION:

This proposed instruction directly contradicts Ninth Circuit Model Criminal Jury Instructions 1.5 and 6.8 regarding Direct and Circumstantial Evidence. Those instructions, based on federal law and the Federal Rules of Evidence specially state: "The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence." The California rule, which is based on the California Rules of Evidence, usurps the role of the federal juror by instructing them how to weigh circumstantial evidence and therefore is inappropriate.

DEFENSE INSTRUCTION – CIRCUMSTANTIAL EVIDENCE AND INTENT OR MENTAL STATES (CALIFORNIA CRIMINAL JURY INSTRUCTIONS 225)

The Government must prove not only that the defendant did the act[s] charged, but also that (he) acted with a particular (intent). The instruction for (the) crime explains the (intent) required.

A[n] (intent) may be proved by circumstantial evidence.

Before you may rely on circumstantial evidence to conclude that a fact necessary to find the defendant guilty has been proved, you must be convinced that the Government has proved each fact essential to that conclusion beyond a reasonable doubt.

Also, before you may rely on circumstantial evidence to find the defendant guilty, you must be convinced that the only reasonable conclusion supported by the circumstantial evidence is that the defendant is guilty. If you can draw two or more reasonable conclusions from the circumstantial evidence, and one of those reasonable conclusions points to innocence and another to guilt, you must accept the one that points to innocence. However, when considering circumstantial evidence, you must accept only reasonable conclusions and reject any that are unreasonable.

DEFENSE POSITION:

The defense has requested this jury instruction, which is based on California Criminal Jury Instruction 225; California Direct Evidence Defined. Evid. Code, § 410.

GOVERNMENT RESPONSE:

This proposed instruction directly contradicts Ninth Circuit Model Criminal Jury Instructions 1.5 and 6.8 regarding Direct and Circumstantial Evidence. Those instructions, based on federal law and the Federal Rules of Evidence specially state: "The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence." The California rule, which is based on the California Rules of Evidence, usurps the role of the federal juror by instructing them how to weigh circumstantial evidence and therefore is inappropriate.

DEFENSE INSTRUCTION - NUMBER OF WITNESSES

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

DEFENSE'S POSITION:

The defense has requested this jury instruction which is based on 1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 14.16 (6th ed. 2008)


GOVERNMENT'S POSITION:

The government raises two concerns about providing this instruction. First, there is no legal support for the contention that a juror may not consider the fact that numerous witnesses have provided evidence in a case. The government in many cases argues that the volume of corroborating pieces of direct evidence weigh in favor of a finding of guilt. Such an argument does not indicate that sheer numbers of witnesses or exhibits requires a finding of guilt, but that jurors may consider this. Indeed, on appeal, courts often uphold verdicts citing the "voluminous evidence" presented at trial. Jurors, of course, may find a smaller number of witnesses for one side more credible than a larger number of witnesses for another. But to imply that they may not take any import from a given number of witnesses is misleading.

Second, the contrast presented in the language of the instruction – "a smaller number of witnesses on one side" versus "a greater number of witnesses on the other side" – implies that a defendant may be required to present witnesses. This may lead to juror confusion as they are also directed on the defendant's presumption of innocence and that the burden of prove is on the government. Indeed, a common line of voir dire is to determine whether a juror can remain impartial if the defendant chooses not to present a case.

DEFENSE PROPOSED INSTRUCTION - LAW ENFORCEMENT OFFICIAL WITNESSES

You have heard the testimony of a law-enforcement official. The fact that a witness may be employed by the federal government as a law-enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law-enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law-enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

DEFENSE POSITION:

The defense has requested this jury instruction which is based on 1 Sand et al., Modern Federal Jury Instructions—Criminal, No. 7-16

GOVERNMENT RESPONSE:

This instruction asks the Court to provide legitimacy to an anticipated line of questioning and provide its agreement with the appropriateness of that line of questioning.  The Court is already providing instructions regarding judging a witness's credibility and motives.  It may also provide instructions regarding impeachment information.  Those instructions, derived from the model instructions in this Circuit, sufficiently and appropriately guide the jurors on what they may or may not consider when assessing a witness's testimony without requiring the Court to provide commentary on counsel's strategy.

In the commentary for this proposed instruction (and the only Ninth Circuit mentioned), the authors reference *United States v. Hoyos*, 573 F.2d 1111 (9th Cir. 1978).  In *Hoyos*, defendant sought a jury instruction stating that the testimony of an informer must be examined with greater care than the testimony of an ordinary witness.  *Id.* at 1116.  In that case, defense argued that a Mexican policy officer working in an undercover capacity with the DEA was an informant.  *Id.*  The trial court rejected this and

did not provide the instruction.  *Id.*  On appeal, the Ninth Circuit affirmed the trial court's decision and noted that the jurors were instructed separately on examining whether a witness had motive to lie and "whether the witness has any interest in the outcome of this case."  *Id.*

Similarly, here, the parties propose that the Court provide Ninth Circuit Model Criminal Instructions 1.7 and 6.9, which advise jurors on assessing the credibility of witnesses.