UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | Case No.  21-cr-00397-EMC |
| Plaintiffs, | |
| v. | **PROPOSED JURY INSTRUCTIONS** |
| ALAN ANDERSON, | |
| Defendant. | |

Attached are the Court's proposed jury instructions having considered the comments of the parties.  Should any party object, it shall file such objections by November 27, 2023.  The Court will determine whether a charging conference is warranted.  The Court reserves the right to further modify the instructions depending on what transpires during trial.

**IT IS SO ORDERED**.

Dated: 11/20/2023

_____
EDWARD M. CHEN
United States District Judge

# I.   PRELIMINARY INSTRUCTIONS

### JURY INSTRUCTION NO. [1]
### DUTY OF JURY

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

[Court Notes: 9th Cir. Model Instruction No. 1.1.  The parties have stipulated to this instruction.]

## JURY INSTRUCTION NO. [2]

## THE CHARGE – PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government.  The government charges the defendant, Alan Anderson, with Wire Fraud, in violation of 18 U.S.C. § 1343, and Securities Fraud, in violation of 15 U.S.C. §§ 78j(b) & 78ff; 17 C.F.R. 240.10b-5.  The charges against the defendant are contained in the indictment.  The indictment simply describes the charges the government brings against the defendant.  The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

To help you follow the evidence, I will now give you a brief summary of the elements of the crimes that the government must prove to make its case:

As to the crime of wire fraud—applicable to Counts One to Four —the elements are:

- First, the defendant knowingly participated in or devised or intended to devise a scheme or plan to defraud, or scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations or promises, or omitted facts.  Deceitful statements of half-truths may constitute false or fraudulent representations;

- Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing a person to part with money or property;

- Third, the defendant acted with the intent to defraud that is, the intent to deceive and cheat; and

- Fourth, the defendant used, or caused to be used, an interstate wire communication, to carry out or to attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

United States District Court
Northern District of California

As to the crime of securities fraud—applicable to Count Five—the elements are:

- First, the defendant willfully used a device or scheme to defraud someone; made an untrue statement of a material fact; failed to disclose a material fact that resulted in making the defendant's statements misleading, or, engaged in any act, practice, or course of business that operates or would operate as a fraud or deceit upon any person;

- Second, the defendant's acts were undertaken, statement was made, or failure to disclose was done in connection with the sale of Imbee stock;

- Third, the defendant directly or indirectly used email in connection with making this statement; and

- Fourth, the defendant acted knowingly.

[Court Notes: 9th Cir. Model Instruction No. 1.2 (modified), No. 15.35 (instruction for wire fraud), and No. 15.47 (instruction for Securities Fraud).  The parties have stipulated to a modified version of the model instruction.  The Court made minor edits to the parties' stipulated instruction.]

**JURY INSTRUCTION NO. [3]**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits that are received in evidence; and

Third, any facts to which the parties agree.

[Court Notes: 9th Cir. Model Instruction No. 1.3.  The parties have stipulated to this instruction.]

**JURY INSTRUCTION NO. [4]**

**WHAT IS NOT EVIDENCE**

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

> First, statements and arguments of the attorneys;
>
> Second, questions and objections of the attorneys;
>
> Third, testimony that I instruct you to disregard; and
>
> Fourth, anything you may see or hear when the court is not in session even if what
>> you see or hear is done or said by one of the parties or by one of the witnesses.

[Court Notes: 9th Cir. Model Instruction No. 1.4.  The parties have stipulated to this instruction.]

**JURY INSTRUCTION NO. [5]**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.


[Court Notes: 9th Cir. Model Instruction No. 1.5.  The parties have stipulated to this instruction.  The Court has included an example from the comment.]

United States District Court
Northern District of California

## JURY INSTRUCTION NO. [___]

## CIRCUMSTANTIAL EVIDENCE: SUFFICIENCY OF EVIDENCE (CALIFORNIA CRIMINAL JURY INSTRUCTIONS 224)

~~Before you may rely on circumstantial evidence to conclude that a fact necessary to find the defendant guilty has been proved, you must be convicted that the People have proved each fact essential to that conclusion beyond a reasonable doubt.~~

~~Also, before you may rely on circumstantial evidence to find the defendant guilty, you must be convinced that the only reasonable conclusion support by the circumstantial evidence is that the defendant is guilty.  If you can draw two or more reasonable conclusions from the circumstantial evidence, and one of those reasonable conclusions points to innocence and another to guilt, you must accept the one that points to innocence.  However, when considering circumstantial evidence, you must accept only reasonable conclusions and reject any that are unreasonable.~~

[The defense has requested this instruction based on California Criminal Jury Instruction 224; California Direct Evidence Defined. Evid. Code, § 410.  The defense has not provided an argument in support of this instruction.  The government argues that this proposed instruction directly contradicts Ninth Circuit Model Criminal Jury Instructions 1.5 and 6.8 regarding Direct and Circumstantial Evidence.  The government is correct in its assertion.

Instruction 1.5 states, "the law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence."  9th Cir. Model Instruction No. 1.5.  This proposed instruction, however, instructs the jury how to weigh circumstantial evidence, implicitly as being less credible than direct evidence.  This instruction is misleading for the jury.

The defense's proposed instruction is therefore DENIED.]

1

**JURY INSTRUCTION NO. [___]**

2

**CIRCUMSTANTIAL EVIDENCE: INTENT OR MENTAL STATES**

3

**(CALIFORNIA CRIMINAL JURY INSTRUCTIONS 225)**

4

~~The Government must prove not only that the defendant did the act[s] charged, but also~~

5

~~that (he) acted with a particular (intent). The instruction for (the) crime explains the (intent)~~

6

~~required.~~

7

~~A[n] (intent) may be proved by circumstantial evidence.~~

8

~~Before you may rely on circumstantial evidence to conclude that a fact necessary to find~~

9

~~the defendant guilty has been proved, you must be convinced that the Government has proved~~

10

~~each fact essential to that conclusion beyond a reasonable doubt.~~

11

~~Also, before you may rely on circumstantial evidence to find the defendant guilty, you~~

12

~~must be convinced that the only reasonable conclusion supported by the circumstantial evidence is~~

13

~~that the defendant is guilty. If you can draw two or more reasonable conclusions from the~~

14

~~circumstantial evidence, and one of those reasonable conclusions points to innocence and another~~

15

~~to guilt, you must accept the one that points to innocence. However, when considering~~

16

~~circumstantial evidence, you must accept only reasonable conclusions and reject any that are~~

17

~~unreasonable.~~

18

19

[The defense has requested this instruction based on California Criminal Jury Instruction

20

225; California Direct Evidence Defined. Evid. Code, § 410.  The defense has not provided an

21

argument in support of this instruction.  The government argues that this proposed instruction

22

directly contradicts Ninth Circuit Model Criminal Jury Instructions 1.5 and 6.8 regarding Direct

23

and Circumstantial Evidence.

24

This instruction is the same as the previous instruction, except that it adds the first two

25

paragraphs stating that the government must prove that the defendant acted with a "particular

26

intent," which may be proved by circumstantial evidence.  The standard for intent that the

27

government must prove in this case is already described in several instructions.  Further, it is not

28

necessary to instruct the jury that intent may be proven by circumstantial evidence, because that is

United States District Court
Northern District of California

9

already covered in the 9th Circuit Model Instruction 1.5.  That instruction states that "evidence may be direct or circumstantial," so there is no need to tell the jury that intent may be proven by circumstantial evidence.  Finally, the rest of the instruction is repetitive of California Criminal Jury Instruction 224, which the Court denied as misleading.

The defense's proposed instruction is therefore DENIED.]

**JURY INSTRUCTION NO. [6]**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.


[Court Notes: 9th Cir. Model Instruction No. 1.6.  The parties have stipulated to this instruction.]

United States District Court
Northern District of California

# JURY INSTRUCTION NO. [7]

## IMPLICIT/UNCONSCIOUS BIAS

We all have feelings, assumptions, perceptions, fears, and stereotypes about others.  Some biases we are aware of, and others we might not be fully aware of, which is why they are called implicit or unconscious biases.  No matter how unbiased we think we are, our brains are hard-wired to make unconscious decisions. We look at others and filter what they say through our own personal experience and background.  Because we all do this, we often see life and evaluate evidence in a way that tends to favor people who are like ourselves, or who have had life experiences like our own.  We can also have biases about people like ourselves.  One common example is the automatic association of male with career and female with family. Bias can affect our thoughts, how we remember what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors, you are being asked to make an important decision in the case.  You must one, take the time you need to reflect carefully and thoughtfully about the evidence.

Two, think about why you are making the decision you are making and examine it for bias. Reconsider your first impressions of the people and the evidence in this case.  If the people involved in this case were from different backgrounds, for example, richer or poorer, more or less educated, older or younger, or of a different gender, gender identity, race, religion or sexual orientation, would you still view them, and the evidence, the same way?

Three, listen to one another.  You must carefully evaluate the evidence and resist, and help each other resist, any urge to reach a verdict influenced by bias for or against any party or witness. Each of you have different backgrounds and will be viewing this case in light of your own insights, assumptions and biases.  Listening to different perspectives may help you to better identify the possible effects these hidden biases may have on decision making.  Do not be afraid to examine any assumption you or others have made that are not based on evidence at trial.

And four, resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or unconscious biases.

The law demands that you make a fair decision based solely on the evidence, your individual evaluations of that evidence, your reason and common sense, and these instructions.

[Court Notes: The Court includes this instruction which it has used in prior cases to which it has made minor modifications.]

United States District Court
Northern District of California

United States District Court
Northern District of California

### JURY INSTRUCTION NO. [7]

### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

> First, the witness's opportunity and ability to see or hear or know the things testified to;
>
> Second, the witness's memory;
>
> Third, the witness's manner while testifying;
>
> Fourth, the witness's interest in the outcome of the case, if any;
>
> Fifth, the witness's bias or prejudice, if any;
>
> Sixth, whether other evidence corroborated or contradicted the witness's testimony;
>
> Seventh, the reasonableness of the witness's testimony in light of all the evidence; and
>
> Eighth, any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

[Court Notes: 9th Cir. Model Instruction No. 1.7.  The parties have stipulated to this instruction.  In the sixth factor, the Court added "…corroborated or…"]

**JURY INSTRUCTION NO. [8]**

**LAW ENFORCEMENT OFFICIAL WITNESSES**

You have heard the testimony of a law-enforcement official. The fact that a witness may be employed by the federal government as a law-enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

~~At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.~~

~~It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.~~

[The defense requests this jury instruction based on 1 Sand et al., Modern Federal Jury Instructions—Criminal, No. 7-16.  The defense provides no particular argument in favor of this instruction.  In response, the government contends that "this instruction asks the Court to provide legitimacy to the defense's anticipated line of questioning."  Further, "the instructions regarding judging a witness's credibility and motives … sufficiently and appropriately guide jurors on what they may or may not consider when assessing a witness's testimony without requiring the Court to provide commentary on counsel's strategy."  Jury Instrs., 20.

With regard to the first paragraph of the instruction, it is helpful to instruct the jurors that law-enforcement officials should be accorded the same consideration as that of an ordinary witness, a principle not disputed by the parties.

With regard to the rest of the instruction, there is no need for a special instruction on the credibility of law enforcement officers.  *United States v. Davis*, 779 F.3d 1305, 1311 (11th Cir. 2015) (regarding instructions for a law enforcement officer's credibility).  This type of instruction could be viewed "as a request for the district court to put its thumb on the defendant's side of the scales."  *Id*.

United States District Court
Northern District of California

15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

Here, the parties have stipulated to 9th Cir. Model Instruction No. 1.7 on the credibility of witnesses, which adequately addresses the jury's responsibility in assessing juror credibility, obviating the need for a particular credibility instruction for law enforcement officers.  If the defense wants to poke holes in the law enforcement officers' credibility, they may suggest as much on cross examination.  The defense's requested instruction improperly suggests that the Court views that the defense's cross examination of law enforcement officers is "legitimate" or that the Court agrees that law enforcement testimony "may be colored by a personal or professional interest in the outcome of the case."  (quoting the above proposed instruction).

The instruction is therefore DENIED.]

**JURY INSTRUCTION NO. [___]**

**NUMBER OF WITNESSES**

~~Your decision on the facts of this case should not be determined by the number of~~
~~witnesses testifying for or against a party. You should consider all the facts and circumstances in~~
~~evidence to determine which of the witnesses you choose to believe or not believe. You may find~~
~~that the testimony of a smaller number of witnesses on one side is more credible than the~~
~~testimony of a greater number of witnesses on the other side.~~

[The defense requests this jury instruction based on 1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 15.16 (6th ed. 2008). The defense does not propose any argument for this jury instruction. In response, the government argues that (1) jurors may consider the volume or corroborating pieces of direct evidence that weigh in favor of a finding of guilt and to suggest otherwise is misleading and (2) that the instruction may imply that the defendant is required to present witnesses, which is also misleading. Jury Instrs. 19.

Here, there are stipulated 9th Circuit Model Instructions that speak to the weight of the evidence with regard to the number of testifying witnesses. The parties have stipulated to use Rule 1.7 at the beginning of trial and Rule 6.9 at the end of trial. Both rules state, "the weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves." 9th Cir. Model Instruction Nos. 1.7, 6.9. These stipulated instructions are slightly different from the defense's proposed instruction. It would be confusing to offer one instruction saying that the weight of the evidence doesn't necessarily depend on the number of witnesses who testify about it and to offer another instruction saying that the jury's decision should not be determined by the number of witnesses testifying for or against a party. The Ninth Circuit instruction adequately covers the instruction that the jury should not be persuaded by the sheer number of witnesses testifying and offering both instructions would be unduly confusing and misleading.

The defense's proposed instruction is therefore DENIED.]

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

# JURY INSTRUCTION NO. [9]
## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, if you have a smart phone or watch, please turn it to airplane mode and silence any alerts and alarms.

Third, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter.  In

18

1    addition, you must report the contact to the court.

2         Because you will receive all the evidence and legal

3    instruction you properly may consider to return a verdict:  do not

4    read, watch, or listen to any news or media accounts or commentary

5    about the case or anything to do with it[, although I have no

6    information that there will be news reports about this case]; do not

7    do any research, such as consulting dictionaries, searching the

8    Internet or using other reference materials; and do not make any

9    investigation or in any other way try to learn about the case on your

10   own.  Do not visit or view any place discussed in this case, and do

11   not use the Internet or any other resource to search for or view any

12   place discussed during the trial.  Also, do not do any research about

13   this case, the law, or the people involved – including the parties, the

14   witnesses or the lawyers – until you have been excused as jurors.  If

15   you happen to read or hear anything touching on this case in the

16   media, turn away and report it to me as soon as possible.

17         These rules protect each party's right to have this case

18   decided only on evidence that has been presented here in court.

19   Witnesses here in court take an oath to tell the truth, and the

20   accuracy of their testimony is tested through the trial process.  If you

21   do any research or investigation outside the courtroom, or gain any

22   information through improper communications, then your verdict

23   may be influenced by inaccurate, incomplete, or misleading

24   information that has not been tested by the trial process.  Each of the

25   parties is entitled to a fair trial by an impartial jury, and if you

26   decide the case based on information not presented in court, you will

27   have denied the parties a fair trial.  Remember, you have taken an

28   oath to follow the rules, and it is very important that you follow

United States District Court
Northern District of California

19

these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

[Court Notes: 9th Cir. Model Instruction No. 1.8 (as modified).  The parties have stipulated to this instruction.]

United States District Court
Northern District of California

**JURY INSTRUCTION NO. [10]**

**NO TRANSCRIPT AVAILABLE TO THE JURY**

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.


[Court Notes: 9th Cir. Model Instruction No. 1.9.  The parties have stipulated to this instruction.]

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. [11]**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  As I stated, you will not have a trial transcript.  Exhibits admitted at trial will be numbered.  You may consider taking note of exhibit numbers if you think that will aid your memory.  You will be given an index of exhibits at the end of the case.

If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the courtroom or jury room.  No one will read your notes.

If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the courtroom or jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.


[Court Notes: 9th Cir. Model Instruction No. 1.10.  The parties have stipulated to this instruction.  The Court has modified the instruction to provide the jury some guidance on note taking.]

**JURY INSTRUCTION NO. [12]**

**OUTLINE OF TRIAL**

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

[Court Notes: 9th Cir. Model Instruction No. 1.11.  The parties have stipulated to this instruction.]

**JURY INSTRUCTION NO. [13]**

**QUESTIONS TO WITNESSES BY JURORS DURING TRIAL**

Only the lawyers and I are allowed to ask questions of witnesses.  A juror is not permitted to ask questions of witnesses.  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.


[Court Notes: 9th Cir. Model Instruction No. 1.14, option 1.  The parties have stipulated to this instruction.]

United States District Court
Northern District of California

United States District Court
Northern District of California

## JURY INSTRUCTION NO. [14]

### BENCH CONFERENCES AND RECESSES

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.


[Court Notes: 9th Cir. Model Instruction No. 1.16.  The parties have stipulated to this instruction.]

# II.  INSTRUCTIONS DURING COURSE OF TRIAL

### JURY INSTRUCTION NO. [15]
### CAUTIONARY INSTRUCTION(S)

**First Recess:**

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. If anyone tries to communicate with you about the case, please let me know about it immediately. Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in

any way, about this case.  And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

If you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands.]  I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break.  Thank you for your careful adherence to my instructions.

[Court Notes: 9th Cir. Model Instruction No. 2.1 (modified).  The Court added the instructions for the beginning and ending of each day of the case.]

**JURY INSTRUCTION NO. [16]**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.


[Court Notes: 9th Cir. Model Instruction No. 2.3.  The parties have stipulated to this instruction if applicable.]

United States District Court
Northern District of California

**JURY INSTRUCTION NO. [17]**

**OTHER CRIMES, WRONGS, OR ACTS OF THE DEFENDANT (if applicable)**

You [[are about to hear] [have heard] testimony] [[are about to see] [have seen] evidence] that the defendant [*summarize other act evidence*].  This evidence of other acts [was] [will be] admitted only for [a] limited purpose[s].  You may consider this evidence only for the purpose of deciding whether the defendant:

[had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment;]

*or*

[had a motive or the opportunity to commit the acts charged in the indictment;]

*or*

[was preparing or planning to commit the acts charged in the indictment;]

*or*

[did not commit the acts for which the defendant is on trial by accident or mistake;]

*or*

[is the person who committed the crime charged in the indictment.  You may consider this evidence to help you decide [*describe how the evidence will be used to prove identify*];]

*or*

[*describe other purpose for which other act evidence was admitted.*]

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered.  You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts.  You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crime[s] charged.  You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes.  Specifically, you may not use this evidence to conclude that because the defendant may have engaged in the other act[s], he must also have committed the

act[s] charged in the indictment.

Remember that the defendant is on trial here only for the charges I previously noted for you, and not for these other acts.  Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

[Court Notes: 9th Cir. Model Instruction No. 2.10.  The parties have stipulated to this instruction if applicable.]

United States District Court
Northern District of California

1

2

**JURY INSTRUCTION NO. [18]**

**EVIDENCE FOR A LIMITED PURPOSE (if applicable)**

3

4

5

You are about to hear evidence that [describe evidence to be received for limited purpose]. I instruct you that this evidence is admitted only for the limited purpose of [describe purpose] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

6

7

8

[Court Notes: 9th Cir. Model Instruction No. 2.12.  The parties have stipulated to this model instruction if applicable.  They have not provided how it should be modified.]

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

**JURY INSTRUCTION NO. [19]**

**OPINION EVIDENCE, EXPERT WITNESS (if applicable)**

3       You [have heard] [are about to hear] testimony from [*name*] who [testified/will testify]

4   about their opinions and the reasons for those opinions.  This opinion testimony is allowed

5   because of the specialized knowledge, skill, experience, training, or education of this witness.

6       Such opinion testimony should be judged like any other testimony.  You may accept it or

7   reject it, and give it as much weight as you think it deserves, considering the witness's knowledge,

8   skill, experience, training, or education, the reasons given for the opinion, and all the other

9   evidence in the case.

10

11       [Court Notes: 9th Cir. Model Instruction No. 3.14.  The parties have stipulated to this

12   instruction if applicable.]

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. [20]**

**DUAL ROLE TESTIMONY (if applicable)**

**[Option 1—Facts and Expert Opinions]**

[You [have heard] [are about to hear] testimony from [*name*] who [testified] [will testify] about facts and [his] [her] opinions and the reasons for those opinions. Fact testimony is based on what the witness personally saw, heard, or did. Opinion testimony is based on the specialized knowledge, skill, experience, training, or education of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

As to the testimony about the witness's opinions, this testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness. Opinion testimony should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

You also should [pay careful attention as to whether the witness is testifying] [consider whether the witness testified] to personal observations or involvement as a fact witness or testifying to an opinion based on specialized knowledge, skill, experience, training, or education. When a witness provides opinion testimony based on knowledge, skill, experience, training, or education, that person might rely on facts that are not based on his or her personal observations or involvement, but that opinion cannot serve as proof of the underlying facts.

[You should also consider the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.]

[Also, the fact that a witness is allowed to express opinions based on that person's specialized knowledge, skill, experience, training, or education should not cause you to give that witness undue deference for any of aspect of that person's testimony or otherwise influence your assessment of the credibility of that witness.]]

33

United States District Court
Northern District of California

**[Option 2—Lay and Expert Opinions]**

[You [have heard] [are about to hear] testimony from [*name*] who [testified] [will testify] about [his] [her] opinions and the reasons for those opinions. Some of the opinion testimony you [will hear] [have heard] from this witness is based on the specialized knowledge, skill, experience, training, or education of this witness. This testimony is allowed because of the knowledge, skill, experience, training, or education of this witness. It should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Other opinion testimony you [will hear] [have heard] from this witness is called "lay opinion testimony." Lay opinion testimony is based on inferences drawn from the witness's direct perceptions and must be rationally based on those perceptions and not on speculation or what someone else has said. You should judge lay opinion testimony like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves. When considering lay opinion testimony, however, you should not give it any extra credence based on the specialized knowledge, skill, experience, training, or education of this witness.

You also should [pay careful attention as to whether the witness is testifying] [consider whether the witness testified] about a lay opinion based on the witness's perceptions or testifying to an opinion based on specialized knowledge, skill, experience, training, or education. When a witness provides opinion testimony based on knowledge, skill, experience, training, or education, that person might rely on facts that are not based on his or her personal observations or involvement, but that opinion cannot serve as proof of the underlying facts.

[You should also consider the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.]

[Also, the fact that a witness is allowed to express opinions based on that person's specialized knowledge, skill, experience, training, or education should not cause you to give that witness undue deference for any of aspect of that person's testimony or otherwise influence your assessment of the credibility of that witness.]]

1 [Option 3—Facts, Lay Opinions, and Expert Opinions]

2 [You [have heard] [are about to hear] testimony from [_name_] who [testified] [will testify]

3 to both facts and two types of opinions and the reasons for those opinions. I will describe all three

4 types of testimony. The first is fact testimony. Fact testimony is based on what the witness

5 personally saw, heard, or did. The second is opinion testimony based on the specialized

6 knowledge, skill, experience, training, or education of the witness. The third is what is called "lay

7 opinion testimony."

8 As to the testimony about facts, it is your job to decide which testimony to believe and

9 which testimony not to believe. You may believe everything a witness says, or part of it, or none

10 of it.

11 As to the opinion testimony based on the witness's specialized knowledge, skill,

12 experience, training, or education, you should judge this testimony like any other testimony. You

13 may accept all of it, part of it, or none of it. You should give it as much weight as you think it

14 deserves, considering the witness's knowledge, skill, experience, training, or education, the

15 reasons given for the opinion, and all the other evidence in the case.

16 As to the lay opinion testimony, this testimony is based on inferences drawn from the

17 witness's direct perceptions and must be rationally based on those perceptions and not on

18 speculation or what someone else has said. You should judge this testimony like any other

19 testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as

20 you think it deserves. When considering lay opinion testimony, however, you should not give it

21 any extra credence based on the specialized knowledge, skill, experience, training, or education of

22 this witness.

23 You also should [pay careful attention as to whether the witness is testifying] [consider

24 whether the witness testified] to personal observations or involvement as a fact witness, testifying

25 about a lay opinion based on the witness's perceptions, or testifying to an opinion based on

26 specialized knowledge, skill, experience, training, or education. When a witness provides opinion

27 testimony based on knowledge, skill, experience, training, or education, that person might rely on

28 facts that are not based on his or her personal observations or involvement, but that opinion cannot

United States District Court
Northern District of California

35

1    serve as proof of the underlying facts.

2        [You should also consider the factors discussed earlier in these instructions that were

3    provided to assist you in weighing the credibility of witnesses.]

4        [Also, the fact that a witness is allowed to express opinions based on that person's

5    specialized knowledge, skill, experience, training, or education should not cause you to give that

6    witness undue deference for any of aspect of that person's testimony or otherwise influence your

7    assessment of the credibility of that witness.]]

8

9        [Court Notes: 9th Cir. Model Instruction No. 3.15.  The parties have stipulated to this

10   instruction if applicable.]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. [21]**

**CHARACTER OF VICTIM (if applicable)**

You have heard evidence of specific instances of the victim's character for [*specify character trait*].  You may consider this evidence in determining whether the victim acted in conformance with that character trait at the time of the offense charged against the defendant in this case.  In deciding this case, you should consider the victim's character evidence together with an in the same manner as all the other evidence in this case.

[Court Notes: 9th Cir. Model Instruction No. 3.5.  The parties have stipulated to this instruction if applicable.]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. [22]

### IMPEACHMENT, PRIOR CONVICTION OF DEFENDANT (if applicable)

You have heard evidence that the defendant has previously been convicted of a crime. You may consider that evidence only as it may affect the defendant's believability as a witness. You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.

[Court Notes: 9th Cir. Model Instruction No. 3.6.  The parties have stipulated to this instruction if applicable.]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. [23]**

**IMPEACHMENT EVIDENCE—WITNESS (if applicable)**

You have heard that [*name of witness*], a witness, [*specify basis for impeachment*].  You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.


[Court Notes: 9th Cir. Model Instruction No. 3.8.  The parties have stipulated to this instruction if applicable.]

# III. CLOSING INSTRUCTIONS

## JURY INSTRUCTION NO. [24]
### DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  You will recall that you took an oath promising to do so at the beginning of the case.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return – that is a matter entirely up to you.

[Court Notes: 9th Cir. Model Instruction No. 6.1.  The parties have stipulated to this instruction.]

**JURY INSTRUCTION NO. [25]**

**CHARGE AGAINST DEFENDANT NOT EVIDENCE –**

**PRESUMPTION OF INNOCENCE – BURDEN OF PROOF**

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

[Court Notes: 9th Cir. Model Instruction No. 6.2.  The parties have stipulated to this instruction.]

**JURY INSTRUCTION NO. [26]**

**DEFENDANT'S DECISION NOT TO TESTIFY [OR DEFENDANT'S DECISION TO TESTIFY]**

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

[Or: The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.]

[Court Notes: 9th Cir. Model Instructions Nos. 6.3 or 6.4.  The parties have stipulated to the instructions.  The Court shall modify the instruction after the Defendant has made his decision about whether or not to testify and the evidence is closed.]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. [27]

## REASONABLE DOUBT – DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.


[Court Notes: 9th Cir. Model Instruction No. 6.5.  The parties have stipulated to this instruction.]

**JURY INSTRUCTION NO. [28]**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

       First, the sworn testimony of any witness;

       Second, the exhibits received in evidence; and

       Third, any facts to which the parties have agreed.

       [Court Notes: 9th Cir. Model Instruction No. 6.6.  The parties have stipulated to this instruction.]

**JURY INSTRUCTION NO. [29]**

**WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence, and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

[Court Notes: 9th Cir. Model Instruction No. 6.7.  The parties have stipulated to this instruction.]

**JURY INSTRUCTION NO. [30]**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

[Court Notes: 9th Cir. Model Instruction No. 6.8.  The parties have stipulated to this instruction.  The Court has included the example from the comment.]

United States District Court
Northern District of California

1

## JURY INSTRUCTION NO. [31]

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence corroborated or contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1

2          [Court Notes: 9th Cir. Model Instruction No. 6.9.  The parties have stipulated to this

3   instruction.  The Court has made a minor modification.]

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. [32]**

**STATEMENTS BY DEFENDANT**

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

[Court Notes: 9th Cir. Model Instruction No. 3.1.  The parties have stipulated to this instruction.]

**JURY INSTRUCTION NO. [33]**

**CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE (if applicable)**

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

[Court Notes: 9th Cir. Model Instruction No. 3.16.  The parties have stipulated to this instruction if applicable.]

1

**JURY INSTRUCTION NO. [34]**

2

**CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE (if applicable)**

3

   Certain charts and summaries have been admitted into evidence.  Charts and summaries are

4

only as good as the underlying supporting material.  You should, therefore, give them only such

5

weight as you think the underlying material deserves.

6

7

   [Court Notes: 9th Cir. Model Instruction No. 3.17.  The parties have stipulated to this

8

instruction if applicable.]

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. [35]**

**ACTIVITIES NOT CHARGED**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

[Court Notes: 9th Cir. Model Instruction No. 6.10.  The parties have stipulated to this instruction.]

1

2

## JURY INSTRUCTION NO. [36]

### SEPARATE CONSIDERATION OF MULTIPLE COUNTS—SINGLE DEFENDANT

3

4

5

A separate crime is charged against the defendant in each count.  The charges have been joined for trial.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

6

7

8

[Court Notes: 9th Cir. Model Instruction No. 6.11.  The parties have stipulated to this instruction.  The Court provided a modification.]

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. [37]**

**SECURITIES FRAUD (as modified)**

The defendant is charged in Count Five of the indictment with securities fraud in violation of federal securities law.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

- First, the defendant willfully used a device or scheme to defraud someone; made an untrue statement of material fact; failed to disclose a material fact that resulted in making the defendant's statements misleading; and, engaged in any act, practice, or course of business that operates or would operate as a fraud or deceit upon any person;

- Second, the defendant's acts were undertaken, statement was made, failure to disclose was done in connection with the same of Imbee stock;

- Third, the defendant directly or indirectly used email in connection with making this statement; and

- Fourth, the defendant acted knowingly.

As relevant to securities fraud and its elements:

- "Willfully" means intentionally making an untrue statement, failing to disclose for the wrongful purpose of defrauding or deceiving someone.  Acting willfully does not require that the defendant know that the conduct was unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted willfully.

- "Knowingly" means to make a statement or representation that is untrue and known to the defendant to be untrue, to fail to state something that the defendant knows is necessary to make other statements true, to make a statement with reckless disregard to its truth or falsity, to fail to make a statement with reckless disregard that the statement is necessary to make other statements true in respect to a material fact.  An act is done, a statement is made, a failure to disclose is done knowingly if the defendant is aware of the act, making the statement, the failure to disclose and did not act or fail to act, make the statement, or

54

fail to disclose through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts were unlawful, it was unlawful to make the statement, or his failure to disclose was unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

- "Reckless" means highly unreasonable conduct that is an extreme departure from ordinary care, presenting a danger of misleading investors, which is either known to the defendant or so obvious that the defendant must have been aware of it.

- A fact is material if there is a substantial likelihood that a reasonable investor would consider it important in making the decision to purchase securities.

- It is not necessary that an untrue statement passed through or over email so long as the email was used as a part of the sale transaction.

[Court Notes: 9th Cir. Model Instruction No. 15.47.  The parties have stipulated to this instruction as modified.]

# JURY INSTRUCTION NO. [38]

## INTENT TO DEFRAUD

An intent to defraud is an intent to deceive and cheat.

To be guilty of wire fraud, a defendant must act with the intent not only to make false statement or utilize other forms of deception, but also to deprive a victim of money or property by means of those deceptions.  In other words, a defendant must intend to deceive *and* cheat.  A defendant acts with the intent to deceive when he makes false statements or utilizes other forms of deception.  A defendant acts with the intent to cheat when he engages in a scheme or artifice to defraud or obtain money or property ~~and~~ with the intent to deprive~~s~~ a victim of money or property thereby cheating someone out of something valuable.


[The defense proposed the second paragraph.  The defense contends that the clarification is based on the Comment to Model Instruction 15.35, which provides the definitions of "intent to deceive" and "intent to cheat" from *United States v. Miller*, 953 F.3d 1095, 1101-03 (9th Cir. 2020).  Indeed, the comment to the Model Instructions does provide this language, quoting *Miller*. The government responds saying that Rule 4.13 was already modified after *Miller* to specify that the intent to defraud is "an intent to deceive *and* cheat," not "intent to deceive *or* cheat," which is already indicated in the first sentence of the proposed instruction and in the substantive instructions regarding the elements of wire fraud and securities fraud.  Jury Instrts. 11.

In *Miller*, a defendant convicted of wire fraud appealed arguing that the jury charge misstated the law by instructing that wire fraud requires the intent to "deceive or cheat" rather than the intent to "deceive and cheat."  953 F.3d at 1098.  The Ninth Circuit concluded that the instruction used was erroneous.  *Id*.  The Court emphasized that the wire fraud statute does not merely criminalize deception—the defendant must have engaged in "a scheme or artifice to defraud or obtain money or property, i.e., in everyday parlance, to cheat someone out of something valuable."  *Id*. at 1101.  The Court relied upon a recent Supreme Court ruling, *Shaw v. United States*, which instructed that a scheme to defraud the bank "must be one to deceive the bank *and* deprive it of something of value."  *Id*. at 1102 (quoting *Shaw v. United States*, 580 U.S. 63, 72

United States District Court
Northern District of California

1   (2016).).

2       "In formulating jury instructions, the trial court is afforded 'substantial latitude so long as

3   its instructions fairly and adequately cover the issues presented.'"  *United States v. Johnson*, 610

4   F.3d 1138, 1148 (9th Cir. 2010) (quoting *United States v. Hicks*, 217 F.3d 1038, 1045 (9th Cir.

5   2000).).  In this case, based on the 9th Cir. Model Instruction, "an intent to defraud is an intent to

6   deceive and cheat," the jury may not understand their responsibility to affirmatively find the

7   defendant guilty of the two separate elements: (1) to deceive and (2) to cheat as articulated in

8   *Miller*.  The defense's proposed addition to the rule, taken from the 9th Cir. Model Instruction

9   Comments, provides the jury with clear definitions to use in assessing the evidence.  Further, it

10  articulates the level of intent that the defendant must have had to be convicted of wire fraud—the

11  intent to cheat should be evaluated as the intent to deprive another of their valuable property.

12      The government takes issue with the sentence: "A defendant acts with the intent to cheat

13  when he engages in a scheme or artifice to defraud or obtain money or property and deprives a

14  victim of money or property thereby cheating someone out of something valuable."  It argues that

15  the instruction implies that the defendant must have actually deprived a person of something of

16  value, which is not an element of the crime.  Jury Instrs. 15.  Indeed, the elements of wire fraud

17  are:

18      (1) the defendant … intended to devise a scheme or plan to defraud … ; (2) the statements
        made or facts omitted as part of the scheme were material; that is, they had a natural
        tendency to influence, or were capable of influencing, a person to part with money or
19      property; (3) the defendant acted with the intent to defraud, that is, the intent to deceive
        and cheat; and (4) the defendant used, or caused to be used, an interstate wire
20      communication to carry out or attempt to carry out an essential part of the scheme.

21  9th Circuit Model Instruction 15.35.

22      To more accurately reflect the elements of the crime, the Court changed the sentence to

23  read "a defendant acts with the intent to cheat when he engages in a scheme or artifice to defraud

24  or obtain money or property *with the intent to* deprive a victim of money or property thereby

25  cheating someone out of something valuable."  The edit clarifies that the government need not

26  prove that Mr. Anderson in fact deprived his alleged victims of their property.  Instead, the

27  government must prove that Mr. Anderson engaged in the scheme to defraud with the intent to

28  deprive his alleged victims of their property.

United States District Court
Northern District of California

1    Therefore, the Court GRANTS the defense's proposed instruction with a modification

2    from the Court.]

United States District Court
Northern District of California

**JURY INSTRUCTION NO. [39]**

**WIRE FRAUD**

The defendant is charged in Counts One through Four of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code.

For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

- First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or omitted facts. Deceitful statements of half-truths may constitute false or fraudulent representations;

- Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

- Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

- Fourth, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

To convict defendant of wire fraud based on omission[s] of material fact[s], you must find that the defendant had a duty to disclose the omitted fact[s] arising out of a relationship of trust. That duty can arise either out of a formal fiduciary relationship, for example between a CEO and shareholder, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance that it would ordinarily exercise.

A "fiduciary" duty exists whenever one [person] [entity] places special trust and confidence in another person—the fiduciary—in reliance that the fiduciary will exercise [his] [her] discretion and expertise with the utmost honesty and forthrightness in the interests of the [person] [entity], such that the [person] [entity] relaxes the care and vigilance that [he] [she] [it] would

59

ordinarily exercise, and the fiduciary knowingly accepts that special trust and confidence and thereafter undertakes to act on behalf of the other [person] [entity] based on such reliance.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

As relevant to wire fraud and its elements:

1. The phrase "scheme to obtain money or property by means of material false representations or promises" includes any plan or course of action intended to deceive and cheat another out of money, property, or property rights by employing material falsehoods. It also means the obtaining of money or property from another by means of material false representations or promises.  A scheme to obtain money or property by means of material false representations or promises need not be fraudulent on its face but must include some sort of fraudulent misrepresentation or promise reasonably calculated to deceive a reasonable person.

2. A statement of representation is "false" when it is untrue when made or effectively conceals or omits a material fact.

3. A fact, falsehood, or representation is "material" if it has a natural tendency to influence, or is capable of influencing, or is capable of influencing, the decision of a reasonable person in deciding whether to engage or not to engage in a particular transaction.  However, whether a fact, falsehood, or representation is "material" does not depend on whether the person was actually deceived.

4. To act with "intent to defraud" means to act knowingly and with the intent to deceive someone for the purpose of causing some financial loss to another or bringing about some financial gain to oneself or another to the detriment of a third party.  A person must act

with the intent not only to make false statements or utilize other forms of deceptions, but also to deprive a victim of money or property by means of those deceptions.  In other words, a person must intend to deceive *and* cheat.  A defendant acts with the intent to deceive when he makes false statements of utilizes other forms of deception.  A defendant acts with the intent to cheat when he engages in a scheme or artifice to defraud or obtain money or property ~~and~~ with the intent to deprive a victim of money or property thereby cheating someone out of something valuable.  With respect to false statements, the individual must have known the statement was untrue when made or have made the statement with reckless indifference to its truth or falsity.

5. It is not necessary that the use of the wire transfer of money by the participants themselves be contemplated or that the defendant actually send the wire transfer of money or specifically intend that the wire transfer of money be sent.  It is sufficient if the wire transfer of money was in fact sent to carry out the scheme and the use of an interstate wire transfer or money by someone was reasonably foreseeable.

6. It is not necessary that the government prove that the interstate wire communications were themselves false or fraudulent.  An interstate wire communication may be routine or sent for a legitimate purpose so long as it assists in carrying out the fraud.

7. Each separate wire transfer alleged in furtherance of the scheme to defraud constitutes a separate offense.

[The defense says that these additional instructions are derived from *United States v. Villarreal*, 595 F. Supp. 2d 1039, 1055 (D. Neb. 2008), the Eighth Circuit Model Criminal Jury Instructions, the Ninth Circuit Model Criminal Jury Instructions, and from *Miller*.

With regard to the added instruction about a fiduciary relationship, the definition of a fiduciary relationship is excerpted from the Ninth Circuit Model Criminal Jury Instructions, Rule 15.34.  The comments to the Ninth Circuit Model Rule 15.35 say that for a definition of a fiduciary duty, one may look to Rule 15.34.  This instruction is unopposed by the government and is helpful in providing context for what a fiduciary relationship is and who may be engaged in one

given that "fiduciary" is not necessarily a layman's term.  Additionally, the defenses proposes an example for a fiduciary relationship: "for example between a CEO and a shareholder."  This instruction is also helpful in guiding the jury towards an understanding of what a fiduciary relationship is.

The defense proposes several definitions as relevant to wire fraud and its elements from the Model Jury Instructions for the Eighth Circuit Rule No. 6.18, which discusses the elements for § 1343 wire fraud.  Definitions 1-3 and 5-7 are relevant and provides the jury with clear definitions to use in assessing the evidence.  Definition No. 4 repeats the previous instruction, on "intent to defraud," but the definition of "intent to defraud" is relevant to both wire fraud and securities fraud, and it makes sense to repeat the definition, so it is clear it applies to both charges.

As previously discussed in Jury Instruction No. 4.13, the Court modified the sentence regarding the defendant's intent to deprive a victim of money or property rather than the actual deprivation of money or property.

Therefore, the Court GRANTS the defense's proposed instruction with a modification from the Court.]

**JURY INSTRUCTION NO. [40]**

**KNOWINGLY – DEFINED**

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

[Court Notes: 9th Cir. Model Instruction No. 4.8.  The parties have stipulated to this instruction.]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. [41]

### ON OR ABOUT -- DEFINED

The indictment charges that the offenses alleged were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

[Court Notes: 9th Cir. Model Instruction No. 6.18.  The parties have stipulated to this instruction.  The Court has modified the instruction to reflect that all Counts are implicated in this instruction.]

**JURY INSTRUCTION NO. [42]**

**DUTY TO DELIBERATE**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Do not be afraid to examine assumptions you or other jurors have made which are not based on the evidence at trial.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

[Court Notes: 9th Cir. Model Instruction No. 6.19. The parties have stipulated to this instruction. The Court has made a minor modification.]

**JURY INSTRUCTION NO. [43]**

**CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify

United States District Court

Northern District of California

1    the court immediately.

2

3          [Court Notes: 9th Cir. Model Instruction No. 6.20.  The parties have stipulated to this

4    instruction.]

**JURY INSTRUCTION NO. [44]**

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.


[Court Notes: 9th Cir. Model Instruction No. 6.21.  The parties have stipulated to this instruction.]

**JURY INSTRUCTION NO. [45]**

**JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

[Court Notes: 9th Cir. Model Instruction No. 6.22.  The parties have stipulated to this instruction.]

**JURY INSTRUCTION NO. [46]**

**VERDICT FORM**

A verdict form has been prepared for you.  [Explain verdict form as needed.]  If ~~After~~ you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

[Court Notes: 9th Cir. Model Instruction No. 6.23.

The defense changed the first word of the second sentence.  It previously read, "After you have reached unanimous agreement on a verdict…"  The defense changed it to: "If you have reached unanimous agreement on a verdict…"  The defense does not provide an argument for this change.  In response, the government argues that since the Model Instructions instruct the jurors that their decision must be unanimous, and it provides the Court with options for providing an Allen charge, the rules and process are geared towards guiding the jurors to a unanimous verdict. They say that using the word "if" contradicts the spirit of the instructions as it presumes that it may not be possible to reach a unanimous decision, which can lead to juror confusion and is contradictory to the Court's instructions to reach a unanimous decision.

The Ninth Circuit Model Instructions allude to the possibility of reaching a unanimous verdict, rather than commanding the jury to do so.  In the instruction for a deadlocked jury, the instructions say, "as jurors, you have a duty to discuss the case with one another and to deliberate *in an effort* to reach a unanimous verdict *if* each of you can do so without violating your individual judgment and conscience."  9th Cir. Model Instruction No. 6.25 (emphasis added).  In the instruction for a post-Allen charge, the instructions direct the district court to ask the deadlocked jury: "is there a reasonable probability that the jury can reach a unanimous verdict *if* sent back to the jury room for further deliberation?"  9th Cir. Model Instruction No. 6.26.  Both of these instruct the jury to reach a unanimous verdict if possible.  The Ninth Circuit instruction No. 6.23's language, directing the jury to complete the verdict form "after" a unanimous verdict, implies that the jury *will* reach a unanimous verdict in their deliberations.  Using the word "if" instead of

"after" is more in line with the rest of the Ninth Circuit's Jury Instructions and more accurately characterizes the jury's role in deliberations.

Therefore, the Court GRANTS the defense's proposed instruction.]

United States District Court
Northern District of California

**JURY INSTRUCTION NO. [47]**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

[Court Notes: 9th Cir. Model Instruction No. 6.24.  The parties have stipulated to this instruction.]